### In re Estelle WAINWRIGHT, Debtor.

### Bankruptcy No. B87–4019.

United States Bankruptcy Court, N.D. Ohio, E.D.

May 4, 1988.

Estelle Wainwright, Cleveland, Ohio, debtor.

Elliott Ray Kelley, Cleveland, Ohio, for debtor.

Edward G. Bohnert, Lyndhurst, Ohio, for movant.

Myron E. Wasserman, Cleveland, Ohio, Chapter 13 Standing Trustee.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

This matter is before the Court upon the objection of Mellon Financial Services Corporation (Mellon) to confirmation of a proposed repayment plan filed by the Debtor, Estelle Wainwright. Upon evidentiary hearing, with notice having been duly served, the Court has further reviewed the record and all relevant pleadings. Pursuant to Rule 7052, Bankr. R., the following constitutes the Court's findings and conclusions.

### I.

This is a core proceeding with jurisdiction conferred under 28 U.S.C. § 157(b)(2)(L) and 1334, and further under General Order No. 84 of this District. The facts of this matter are generally undisputed. Debtor caused to be filed her petition seeking relief under Chapter 13 on November 8, 1987. Prepetition, on December 20, 1984, one William T. Craddock (Craddock) executed a mortgage deed in favor of Mellon to effect a purchase of certain real estate located at 3846 East 146th Street in the City of Cleveland, Ohio. He further executed and delivered, on the same date, a promissory note to Mellon in the amount of $37,783.00, at twelve percent per annum, respecting the same property. Subsequently, by reason of default on the obligated note payments, Mellon initiated foreclosure proceedings on February 11, 1987, in the State court. On August 18, 1987, the State court rendered a judgment favorable to Mellon on its foreclosure action. In furtherance of that judgment an order of sale issued, scheduling the subject property to be sold at public sale on November 9, 1987. Prior to the scheduled foreclosure

sale, on November 6, 1987, Craddock deeded the property by quit claim to the Debtor, without the knowledge or consent of Mellon. On the same day, November 6, 1987, the Debtor filed for relief under Chapter 13, effectively forestalling the scheduled foreclosure sale. This contested matter ensued.

## II.

■ The principal issue for the Court's determination is whether the petition, as filed, constitutes an abuse of the bankruptcy process where certain property was obtained solely to have it become estate property upon the filing of a Chapter 13 to preclude a duly scheduled foreclosure sale.

## III.

The adduced testimony in this matter is significant to the Court's determination. Upon examination, the Debtor testified that Craddock's purchase of the subject real estate was actually made on her behalf, due to her lack of good credit history. The unrefuted testimony further revealed that the Debtor occupied the premises ever since the purchase was made in 1984 by Craddock on her behalf. She further acknowledged that the purchase for her by Craddock was unorthodox; her acquisition of the property from Craddock by quit claim deed was made without consideration; that Craddock was merely a conduit to effect the purchase of real estate for her in 1984; and that monies used by Craddock to make the note payments were actually her own funds.[1] (*See*, Debtor's Brief In Opposition).

Notwithstanding the above acknowledgement, it is unrefuted that there never existed privity between the Debtor and Mellon. It is further an unrefuted fact that Mellon is the holder of the first mortgage lien on the subject premises and that there was never an assumption of the debt thereon by the Debtor with Mellon. In fact, the financial transaction underlying the real estate in question was premised wholly upon the financial ability of someone other than the Debtor to pay the mortgages. That some-

one was William T. Craddock. Mellon was obliged to look to none other for its mortgage payments. Finally, it is unrefuted that the legal title to the property was transferred by Craddock to the Debtor without the knowledge or prior consent of Mellon. No evidence was adduced to reflect that Mellon had knowledge of the arrangement existing between the Debtor and Craddock.

■ Where property is transferred to thwart the interest of a secured creditor who has initiated foreclosure proceedings against that property, and the property subsequently becomes estate property solely to effect that purpose, such a transfer is fraudulent and will not enjoy the protections afforded an estate under the Bankruptcy Code. Both the equity sought and the authorities relied upon by the Debtor in support of her claim for equity are misplaced and are without merit.

The situation in which the Debtor finds herself was caused not by Mellon but by the Debtor. Further, Mellon is not a creditor of the Debtor as there was never an assumption of the debt by the Debtor with Mellon, nor was there a ratification by Mellon of the transfer between Craddock and the Debtor. Although "good faith" is neither defined in the Code nor in its legislative history, its presence is nevertheless implicit in the spirit of the Code and its legislative history. *See, Memphis Bank & Trust v. Whitman*, 692 F.2d 427 (6th Cir. 1982); *In re Fawcett*, 758 F.2d 588 (11th Cir.1985). For the reasons indicated above, the present Chapter 13 filing lacks the requisite good faith, constitutes an abuse of the Bankruptcy process, and confirmation of the proposed plan will be denied.

## IV.

■ Lastly, the conduct of Debtor's counsel is questioned. It is noted that Debtor's bankruptcy counsel is one and the same individual who drafted the quit claim deed transferring the title of the subject real estate to the Debtor on the same date he caused to be filed a Chapter 13 petition

1. Craddock did not appear at the evidentiary hearing.

on her behalf. Such conduct by the Debtor's counsel clearly evidences knowledge on his part that the transfer was knowingly made solely to forestall the foreclosure action commenced by Mellon. Accordingly, sanctions will issue and are hereby imposed upon Debtor's counsel. The Debtor and her counsel will pay to Mellon reasonable certified costs incurred by Mellon resulting from a renewed sale of the subject property. Further, fees previously awarded Debtor's counsel in this case are hereby ordered disgorged and returned to the Debtor forthwith. Certification of the returned fees is to be promptly made by Debtor's counsel.

### IV.

Accordingly, the objection to confirmation is sustained, and the Debtor's case is hereby dismissed, with prejudice.

IT IS SO ORDERED.